The next case is Carl Irvin Miller v. Secretary of Veterans Affairs, 2024-1790. Mr. Dohokis. Thank you, Your Honor. May it please the Court, Kenny Dohokis for repellent. On behalf of Mr. Miller, I do want to thank this Court for the opportunity to present his appeal. The Veterans Court erred when it applied a restriction on Mr. Miller's 1987 claim that did not exist until 2006. Under 3.156C, at any time after VA issues a decision, if it receives new and relevant service records, it will reconsider the prior claim. But this rule does not apply to claims that were filed after 2006 when the claimant failed to provide sufficient information for VA to obtain those records. And under the plain terms of this regulation, this restriction applies to claims first decided after 2006 and not as the Veterans Court held when VA receives the new service records after 2006. By applying the amended version of 3.156C to Mr. Miller's 1987 claim, the Veterans Court violated both the letter and the spirit of this regulation. Under the amended version, if the rule does not apply to the records VA could not have obtained, then it can only be forward-looking. Set another way, for all claims filed prior to 2006, VA was required to reconsider a prior claim whether or not he provided sufficient information to identify and obtain the records. Well, I think everyone agrees that the new regulation is only forward-looking. The question is forward from what event? You say from the original claim and the government says from the request for reopening. So why is it not from the request for reopening? Two main reasons, Your Honor, although there are several. First and most importantly, 3.156C does not require any filing or claim application by the Veteran. The regulation is self-initiating and it says as soon as VA receives these records, then they must reconsider the prior claim. And so the idea that it has to apply to some claim that is filed is unanchored from any language in the regulation itself. The VA can receive records the Veteran has no idea about and they are still obligated under this regulation to go back and reconsider that prior applications that are pretty common. And a couple of the cases that the Secretary cited in their brief doesn't really fit squarely into what's happening under this regulation. The second reason that we think is also very important is, as Blue Ball recognized, the purpose of this regulation was to place the Veteran in the position he would have been had the VA considered the relevant Service Department records on the earlier claim. And so when you look at the conduct that this regulation is controlling, it's both the VA's and the Veteran's conduct. Prior to 2006, neither of them had any inkling that they had to do more than just file an application for benefits. In particular, the Veteran, prior to 2006, didn't have to or would not have been restricted from the application of this regulation had he not done what the regulation now requires. And so to put that new restriction on prior conduct, that's the retroactive or the impermissible retroactive effect that this regulation has that Princess Cruises focuses on. And it is this part of CLIMB that we rely on, the Princess Cruise analysis on retroactive application, for the purposes of our argument. But looking at the language of the regulation, it's the receipt of the original claim and the regulations restriction applies to the records, not the later in time. Again, there's not even a claim that's required, although certainly a Veteran can file a claim to reopen under 3156B or now as a supplemental claim under 5108 amended. But if at that time or even in the absence of any application or any action on the part of the Veteran, the VA receives these records, this regulation would trigger and require reconsideration of the prior claim. Robert R. Reilly, Jr. CLIMB, of course, is not binding on us. Correct, Your Honor. In CLIMB, as I understand it, the request for reopening was made prior to the enactment of the promulgation of the regulation. Here, the request is after the promulgation. And it was in that context that I understood CLIMB to be saying that it was not to be, the new regulation was not to be given retroactive effect. That is to say, it wouldn't govern something that happened, i.e., the request for reopening prior to the issuance of the regulation. But here, the reopening request occurred after the regulation. So the sense in which I understood CLIMB to be talking about retroactivity doesn't apply here. No, Your Honor, not in that specific sense. And again, what we look to for CLIMB is its analysis about the Princess Cruz factors that talk about the restriction itself not being retroactive. Because again, and in particular, the third element is the fair notice, reasonable reliance, and settled expectations. Mr. Miller and other veterans had settled expectations that prior to 2006, they did not have to do more than simply submit a request for benefits in order for this regulation to apply should later service records be obtained. And again, this regulation is meant to not punish the veteran or put him in a substantial disadvantage because VA couldn't find records that the federal government already had, were in existence, and should have had at the time that they considered the earlier claim. And CLIMB, again, the facts are very distinguishable because everything happened prior to 2006. But the idea and the ruling in CLIMB that the rules don't apply retroactively is what we're relying on here. And we're asking this court to look at the plain language of the regulation in assessing which action triggers the restriction. Is it the initial claim filing when VA should have had the records, or is it a later receipt of records? And I cannot emphasize enough that this regulation does not require a claim filing. Certainly in CLIMB, and even in Mr. Miller's case, there was a claim filing. And while that claim was being adjudicated, new and relevant service records were obtained, but that's not necessary. And just one point on that, on page two of the appendix, the Veterans Court did say the middle paragraph, that the military verified his PTSD stressor through newly received service records that documented his involvement, his unit's involvement in the stressor. And so there's no doubt that these were, or at least there's very little doubt that these records were new and relevant that most likely would have triggered this regulation. The board didn't get to that yet because it applied this restriction. So what we're asking this court to do is find that under the main terms of this regulation, the restriction does not apply because the initial claim filing was done prior to the amended regulation and remand with instructions for the board to apply the regulation to his claims and determine whether he's entitled to an earlier date. There are no other questions. I will save the rest of my rebuttal time. We will save it for you. Mr. Whistler. Thank you, Your Honors. May it please the court. The question here is whether the Veterans Court erred by applying the version of section 3.156 that was in effect when Mr. Miller submitted his claim to reopen. Obviously the answer must be yes, or it must be no, they did not err, and that yes, the version of the regulation that was in effect at the time the claim to reopen was filed is the governs. That is a principle that has underlied several of this court's opinions dealing with section 3.156 even if the court has not directly made that holding. That is a holding that this court has made as we noted in our briefs in several other contexts related to claims. Now you look at the regulation and authority that is being invoked by the veteran to determine which version of that regulation is in effect when evaluating the veteran's claims. So we have a claim to reopen under 3.156 that was submitted in 2007 after the amendments went into effect. VA correctly applied the version of the regulation that was in effect at that time. The counter arguments that I've heard from Mr. Miller relating to expectations and conduct and fairness admittedly don't make a lot of sense. As I understand the argument, it's essentially that a veteran would have done something to submit his original claim if he had known that after being denied, a later claim to reopen might be treated differently. Our understanding is that when a veteran submits a claim, the veteran is expecting to receive benefits, and that may be or may not be appropriate under the given record, but I think it's a little strange to consider that a veteran is going to submit a claim expecting not to receive benefits, but crafting a claim in a certain way so that at a later date, if other records are found, he gets certain treatment with respect to a claim to reopen. That just doesn't seem realistic. I'm not sure that's an entirely fair way of characterizing this argument. I thought I understood him to be saying that a veteran who submits a claim in 1987 would not necessarily focus on the need to provide information that would help the VA find records, but would just simply say these are the facts as I understand them, whereas if the regulation had been on the books prior to the time he submitted his original claim, then he would have averted presumably to that requirement and would have provided the information, so he is caught in a sense by surprise by the regulation. That's the argument, it seems to me. What's wrong with that? That seems like not an unreasonable way to think about the problem. Well, the point that I'm making in response, Your Honor, is simply... At least you said it was obvious that the contrary is true. It doesn't strike me as obvious. You may be right, but it doesn't seem obvious that you are. And what I believe is obvious, Your Honor, is a veteran wants to obtain benefits when submitting a claim. Of course, but he may not avert to the need to provide information as to where to find the information leading to the conclusion that there was a particular stressor. No, but I think the duty to assist still comes into play. Obviously, VA has had a duty to assist all along, and anything the veteran can do to help identify and locate relevant records that may be relevant to assessing the claim is something that a veteran knows is helpful in any context. That's the point I was trying to make, that it seems a little bit odd to suggest that a veteran might not provide all the information available to the veteran such that he might obtain favorable treatment later on on a claim to reopen. That's the piece that I took away from the argument that seems a little odd in the logical outflow of that argument. But I will say here, not that the facts are necessarily before the court if we're just dealing with the pure regulatory interpretation, but if we do look at the facts here, I think this is a good example showing why VA amended Section 3.156 in the first place, because we can put the two initial claims side by side, the 87 claim, which is on Appendix 12, and then the 1990 claim, which is Appendix 13 to 16. All the original 87 claim says is, I have been diagnosed with PTSD in Boise, Idaho, and that's it, compared to the 1990 claim, which says, I was hospitalized in 1971 while I was in service. I have later obtained a PTSD diagnosis. Here are the particular VA medical centers that I visited for treatment. It's certainly not explaining everything, but it at least gives some nuggets of information for VA to go off of, combined with the facts that after submitting the 1987 claim, Mr. Miller never appeared for his appointment. And so I think this is exactly the kind of case that shows why VA promulgated the amendment to 3.156C, and it is, as this recognized, to strike the right balance that was explained in Blue Ball, which is, if there is an error or a mistake on the part of VA, that should not be held against the veteran. But at the same time, if the veteran provides absolutely nothing that VA could go off of to locate relevant records and then fails to appear for an appointment, that isn't necessarily VA's fault, not to place the blame on the veteran, but simply saying, if we're allocating the risk of failing to find the records that are relevant here, VA is trying to harmonize that and tweak it in a way that is most fair to all parties involved. But on your facts, would you agree that if he had said in 1987 what he said in 1990, that he would be fine, that notwithstanding the 19, I'm sorry, the 2006 regulation? Yes, and that's the relief that the board ultimately granted based on the 1990 application. Okay, and in what respect would he have complied with the 2006 regulation in 1990, or 1987, by making the demonstration that he made in 1990? So what the board said here that the Veterans Court ultimately affirmed is, if we're looking at 3.156C2, the version of the regulation in effect present day was in effect when his reopening claim was filed. It says that if there was a prior claim and then later service treatment records are identified, you get an effective date back to the original claim, that's C1. However, under C2, if that original claim was not sufficient to allow VA to reasonably identify the relevant records, then you don't get the effective date back to the very first claim. So are you saying that what he disclosed in 1990 was sufficient to satisfy C2? That is what the board held in this case, yes. And so what the board said in this case... Not necessarily, because he's getting back to 1990, but it's a little hard for me to see what he said in 1990 that was so helpful in showing the VA where to find the records. And I think, admittedly, the VA was being fairly generous in saying that 1990's claim itself was probably sufficient. I think we could certainly take a holistic view and say, I don't know if that's necessarily true either, but they were trying to give him the benefit of the doubt in that analysis, right? The distinction that the board was making between the 87 and the 90 claim was in noting the fact that 1987 contains none of the details, even the minimal details in 1990, and the veteran failed to appear for examination. And so no reasonable person could ever believe that there was sufficient information in the 87 claim. Unless the court has any other questions, I will ask that the court affirm. Thank you, Mr. Whistler. Mr. Dohakis has some rebuttal time. Thank you, Your Honor. So I want to start talking about expectations. We are certainly not arguing that a veteran would file a claim expecting to be denied, but veterans routinely and have always expected VA to do a lot to help. And particularly in this time period, I think it's dangerous and what I think the Secretary is asking this court to do is to look back under our own current view of the world where we have computers, where we have the helping veterans and advocates who are helping veterans understand their rights. In 1987-1990, court review until 88 actually didn't exist. So veterans were often working in the dark and talking to many veterans and obviously this is not part of the record, but it's not uncommon for veterans to expect the VA and the VA expected in their own internal rules to do a lot to help veterans gather evidence and obtain their benefits. The duty to assist was not a statutory rule until 2000 and their final rule under this regulations amendment talks about this not being a duty to assist issue. So the notion that the duty to assist has any relevance to this, it doesn't. But what's important is in expectations is that after this amendment, claimants now know that they have to do more in order to help the VA find their records. And this is what the expectations are about. Prior to this time in the VA explaining this in their rules and in the regulation, it was unknown at least it was not visible to the world that the VA needed a in order to help them find these service records. And I don't think it's unreasonable for a veteran to file a claim and expect the government to go and find their records, associate them with their claim and make a decision based on those records. In 2006, the VA put the world on notice including Mr. Miller that, well, we couldn't do that very well prior to this time and so we need the veterans to do a little bit more. And that's the conduct that Princess Cruises talks about not retroactively applying. That's the conduct that this regulation is restricting and that's the conduct that Mr. Miller's expectations were prior to 2006. It's not challenging the validity of the regulation. It's challenging its application and it's fairly clear. It doesn't talk about duty to assist. It just says the claimant failed to provide information to identify and obtain the records. Correct, Your Honor. And again, the restriction in C2 as we read the regulation applies to claims that were filed after 2006. So after October 2006, if a veteran files a claim, if Mr. Miller had filed the same 1987 claim in November of 2006, then this restriction would apply and he would not be entitled to any retroactive benefits. But because all of the prior claim was filed, the failure to get the records happened prior to 2006. This restriction does not apply. On the missed exam point that the Secretary raised, that's irrelevant to these proceedings. Certainly it may be relevant if the board is looking at whether to apply 3156C in awarding retroactive benefits. But the only issue before this court is whether the restriction in C2 applies to the later receipt of new and relevant service records or to the date that the original claim and the time when the VA was supposed to get the service records. We read it to apply to the earlier time and so we would ask this court to reverse the find that the restriction does not apply and again order remand. Thank you. Thank you, counsel. The case is submitted.